Hinmak, J.
This is an appeal from a decree of the court of probate, in the settlement of the assigned estate of Gershom Birdsey. The appellant, with others, was summoned before that court by the trustee, under the 72d section of the statute relating to the settlement of estates, (Comp. 1854, p. 509,) to be examined on oath in respect to property belonging to the estate, which it was claimed they had in their possession and control, and refused to deliver or give a satisfactory account of to the trustee, so as to enable him to cause an inventory thereof to be made. The court of probate found the allegations of the application to be true in respect to the appellant, and that he had in his possession the sum of fifteen hundred and sixty-one dollars and seventy-seven cents in cash, belonging to the estate, which, with the interest thereon, he was ordered to pay over to' the trustee. There are several reasons for the appeal, some of *341 which are demurred to and the others traversed. Among the reasons admitted to be true by the demurrer is the sixth, which sets up the facts upon which the court acted in finding that the appellant had the money of the estate in his possession, and in ordering him to pay it. From these facts it appears that the appellee, the trustee of the assigned estate, claimed before that court only to recover a mere money demand, consisting of an indebtedness from the appellant to the insolvent, and not any specific bills or coins. And the question now is, whether the court of probate has jurisdiction, under this statute, to settle mere questions of indebtedness between insolvents and their debtors, and to render judgments in favor of assigned estates for any balances that may be due them.
The appellee claims that the probate court has power, under the statute referred to, to examine debtors in respect to their indebtedness to insolvents, on the ground that a debt is “ a thing ” within the meaning of the statute ; and that under the act of 1852, (Comp. 1854, p. 495,) that court *has power to order payment to be made of the [ *418 ] debts thus found due, and to make orders “ for the restoration of property or payment therefor to the representatives of the estate, in conformity with the rules, usages and practices of courts of equity.” There might be more plausibility in this claim, if the debt recovered in this case had been a mere equitable claim, which could not be enforced in an action at law. But it was a mere money demand, for which an action of assumpsit would lie, and which could be recovered only in a court of law, and was not therefore a proper subject-matter of a suit in" a court which has authority only “ to make orders in conformity with the rules and practices of courts of equity.” But we do not place the case on this narrow ground. Nor do we feel called upon to discuss the question whether the act of 1852, in any of its provisions, conflicts with the provisions of the constitution providing for the inviolability of the right of trial by jury; because we are well satisfied that the statute which gives the court of probate power to examine parties on oath, in respect to property belonging to. an estate, was never intended to give to that court concurrent jurisdiction with the courts of law or equity over cases brought for the mere enforcement of the payment of debts. There is no pretense that previous to the statute of 1852 the court of probate had any power to render a judgment against a party who had the property of a deceased person or of an insolvent debtor concealed in his hands. The objects of the statutes were answered when the party charged with such concealment had made a full disclosure in *342 respect to it, so that it might be inventoried. It is true that he was bound to deliver over the property to the executor, administrator or trustee claiming it, and might be committed for refusing to do it. But this was not the main object of the proceeding. And there is no instance in which a complaint has been sustained on any of -the former statutes on the -same subject, unless the. property was concealed or attempted to be concealed so that it could not be found to be inventoried. The statutes which preceded that of 1852, [Rev. Stat., [ *419 ] tit. estates, §§ 34, 73,] contemplated no ^judgment to be rendered by the court of probate, either for a, return of the property or for the recovery of its value. That was left to be recovered by subsequent .proceedings at law, before the ordinary courts of law. Hence, provision was made that, on the recovery for the property before the ordinary tribunals at law, the costs in the proceedings in the probate court might be included and recovered.
The whole frame of these statutes shows that the object was, to enable the representatives of estates to get possession of tangible property, not to .collect debts.- The words of the old statute are (tit. estates, sec. 32,) “ If any person or persons shall have in his or their custody and possession any goods or chattels, &c., or any bills, bonds, notes, accounts, or any thing that may tend to disclose such estate, and on demand of the same, &c.” But, if it was not the object of the former statutes to enable the representatives of estates to collect debts, or to recover the possession of property concealed, or even to call for a disclosure. in respect to an indebtedness merely, previous to the act of 1852, we think it quite clear that it was not the object of that act to extend the jurisdiction of the probate court over any new matters not included in the then existing act, but only to give to that court additional power in those cases only where they previously had jurisdiction for the purposes of discovery. There is no necessity for a discovery in respect to an ordinary indebtedness before the court of probate. Courts of equity are always open for that purpose. But where tangible property is concealed, or any thing that may tend to the discovery of property in the.hands of third persons, there is a- necessity for a disclosure, in order that the property may be inventoried.
We are .satisfied therefore, from the facts disclosed in the sixth reason for. the appeal, that the-court of probate erred in taking jurisdiction of the claim for the recovery of a mere money debt against the .appellant, and in rendering a judgment, thereon against him. This renders it unnecessary to consider any of the other reasons for the appeal.
*343 *We advise the superior court that the sixth reason is sufficient, and that the decree of probate be reversed.
In this opinion the other judges concurred.
Advice that decree of probate be reversed.